Green, J.,
delivered the opinion of the court.
This is an action of debt, brought by Dill against Cooley, in the circuit court of Wilson county, for $500, for goods, wares, &c., sold and delivered, &c.
Pending the suit, the parties executed the following bond of submission of this suit, and two other suits between them, to arbitration: “We, William Cooley and William Dill, agree each of us to draw all the suits, we each have pending against " the other, in the circuit court of Wilson county, and in the supreme court at Nashville, and the said suits, and all other matters in dispute between us, as also all other unsettled matters between us, and submit the whole of the same to the arbitrament of Samuel Coles, I. G. Coles, Rob’t Hallom and Jas. Arrington, and if they cannot agree, then the said arbitrators shall choose a fifth man, and the said arbitrators shall make their award in writing, and the said award, when so made, shall be the judgment of the court in each case; the said arbitrators shall fix a day, when they will meet at the house of Isaac Coles, and we will appear before them, and each of us introduce any proof we may be able to produce.
“Witness our hands and seals, this the 28th of January, 1850.
“William Cooley, [Seal.]
“William S.Dill, [Seal.]”
At the January term, 1850, an order of reference was entered in the cause, in pursuance of said bond.
At the May term, 1851, of said court, the plaintiff Dill, produced the following award, and moved that it be made the judgment of the court.
*315 ■“Whereas, William Cooley and William S. Dill, have referred to us, as arbitrators, three suits at law, two in the circuit court of Wilson county, and one in the supreme court at Nashville, to determine the same; and we having met at the store-house of Isaac and John Coles, on the 3d day of February, 1850, in the presence of both parties, and Isaac G. Coles being engaged, so that he could not serve as one of the arbitrators, and by the consent of both parties, John Bates was to act in Isaac G. Coles’ place, and William Cooley not having some witnesses before us thathe said was very necessary for him to have present to do him justice, and by the consent of both parties, we adjourned to meet again at the house of Jos. C. Johnson, on the 8th inst. Met pursuant to adjournment, and having heard all the matters alleged and proved by them, and after fully considering and understanding the whole matter, do determine, decide, and award, that William Cooley pay the costs of the suits in the circuit court of Wilson county, in the case of William Cooley vs. William S. Dill, and that William Cooley pay the costs in the case now in the supreme court at Nashville, and also pay to William S. Dill $3 95, debt in said case. In the case of William S. Dill vs. William Cooley, in the circuit court of Wilson county, that William Cooley pay to William ,S. Dill $170 40, debt and interest, with all legal costs; this debt was specified in a deed of trust, made to William S. Dill by Joel Dill, for the benefit of said Dill’s creditors — made on the 15th day of February, 1845.
“Given under our hands and seals, this 8th day of February, 1850.
“James Aerington, [Seal.]
“Robekt Hallom, [Seal.]
“John Bates, [Seal.]
“Samuel Coles, [Seal.]”
Samuel Coles dissented from the two last mentioned suits.
When the said award was oifered, Cooley moved that it be *316 set aside, and not made the judgment of the court, on the ground that Samuel Coles, did not agree to the award Avhich the other arbitrators had made, but the court refused to set aside the award, but made it the judgment of the court, from which judgment Cooley prosecuted this appeal in error to this court.
It is now insisted the court erred, and that this award has no validity, for several reasons.
1st. It is said that the submission was to Isaac G. Coles, and the three others, and that John Bates had no power to act by virtue of the agreement substituting him for said Coles.
We think the parties had a right to change the arbitrators at any time before the matter was submitted to them for their award, and that the terms of the submission, would not be altered thereby, except so far as regards such change made by the agreement of the parties.
It is laid down in Stephens’ Nisi Prias, vol. 1, p. 36, that “previously to making the award, it is optional with the parties to make any alteration they may deem requisite in the original submission, and even the terms of an agreement of reference under seal, may be changed by a subsequent agreement not under seal, because the agreement, subsequent to the original submission, is a new agreement incorporating the original submission, and the parties are bound by it.” For this he cites 5 East, 189, and 5 B. & Adolph., 488. So after submission by deed, an arbitrator may with the assent of the parties, be substituted in the place of one of the original arbitrators. 1 Stephens’ N. P., 61.
In the case before us, there was no change made in the original submission, except the substitution of John Bates, as an arbitrator, instead of Isaac G. Coles. The parties had a right to make this substitution; and this new agreement incorporates the original submission, and the parties are bound by the terms of that submission.
*317 The fact, that in addition to the bond, the submission was entered ol’ record in the suit, can make no difference, for such entry of record, could not prevent the parties from making' alterations by their agreement in the terms of the submission, and although the .change is not made by rule of court, yet it incorporates the terms of the original submission, one of which terms was, that the award should be made the judgment of the court, and this court has held that if the matters in controversy in a suit be submitted to arbitration, by an agreement out of court, in which it is stipulated that the award shall be the judgment of the court, such award when made will be entered up by the court as its judgment. Rogers vs. Ball, 6 Humph. R., 29-33. Therefore, though the submission in this case was changed by the agreement of the parties as to one of the arbitrators, all the other stipulations of the agreement of submission remained in full force, and became part of the new agreement.
2d. It is next insisted, that by the terms of this submission, four persons were named as arbitrators, and that in order to make the award valid, it is essential that all the arbitrators act, and that they all concur in making the award. And for this position, we are referred to the case of Norfleet vs. Southall, 3 Munf. R., 189, and the case of Towns vs. Jaquith, 6 Mass. Rep., 46.
These cases establish, that where a submission is to a given number of persons as arbitrators, without any thing in the terms of the submission from which it can be inferred that it was the intention of the parties that a less number than all the persons named should make the award, there is no authority for part, or a majority of them to make it.
It is, however, an established principle that the submission is to be liberally construed, so as to give effect to the intention of the parties. It is said: “The submission being the voluntary agreement of the parties, the words of it must be so un *318 derstood, as to give a reasonable construction to their meaning, and to make their intention prevail. And the court in construing ‘submissions to arbitrations,’ gives as large a construction to them, as the words of the instrument, and the intention of the parties, drawn from their own words, will warrant.” 1 Stephens’ N. P., 36.
Acting upon this rule of construction, we think there is no difficulty in this case in perceiving, that it was the intention of the parties, that a majority of the arbitrators should make an award.
They say in the bond, that they submit the whole matters between them, “To the arbitrament of Samuel Coles, I. G. Coles, Robert Hallom, and James Arrington, and if they cannot agree, then the said arbitrators shall choose a fifth man.”
Now, in what contingency did they intend the fifth man should be chosen. Most clearly, if the four arbitrators should be divided equally in opinion, then a fifth man was to be chosen. Certainly they did not intend a fifth man to be chosen if one of the four dissented from his fellows, for what utility would there have been in such a provision. If three were of one opinion, and one was dissenting, if a fifth man had been chosen, his opinion would not have produced unanimity. If he should agree with the dissenting arbitrator, there would still be a division, and so if he agree with the majority, there would still be one dissenting.
We think, therefore, that the parties intended that if a majority should concur, that 'they should make an award, and that the fifth man, was to be called in, only in case of an equal division of opinion among the four, so that they could not agree.
3d. We think this award final. The award is, that in the case of Cooley vs. Dill, in the circuit court, Cooley is to pay the costs. In the case of Dill vs. Cooley, in the circuit court, *319 Cooley is to pay $170 40 debt, and interest, and costs. In the case in the supreme court, Cooley is to pay $3 95, debt and costs.
An award made upon submission of all disputes, which recited that there had been a suit at law between the parties, which had run to great expense on both sides, and being left to the arbitrator to make award of, he did determine that they should each of them pay their own charges at law, and that defendant should pay to plaintiff £5 5s 9d, for his making the first breach in law,” was held to be certain and final. 1 Stephens’ N. P., 110; 1 Burr., 274.
Upon the whole, we think there is no error in the judgment, and that the award is valid, and was properly made the judgment of the court.
Affirm the judgment.